UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERIE GRAVOIS BERRIGAN<br><br>Plaintiffs,<br><br>- Versus -<br><br>ALLSTATE INDEMNITY COMPANY<br><br>Defendant | CIVIL ACTION No.:<br><br>JUDGE:<br><br>MAG.JUDGE:<br><br>**JURY DEMAND** |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Complainant, **CHERIE GRAVOIS BERRIGAN,** (hereinafter, *"Complainant")* who hereby submits this Original Complaint, to wit:

I.  **PARTIES**

1.

Made Complainant herein is **CHERIE GRAVOIS BERRIGAN,** who is a person domiciled in the Parish of Jefferson, State of Louisiana, whose addresses is 340 Walter Road, River Ridge, LA, 70123 *("Complainant").*

2.

Made Defendant herein is **ALLSTATE INDEMNITY COMPANY** *("Allstate"),* a foreign insurance company with its principal place of business at 2775 Sanders Road, Northbrook, Illinois, 60062.

## II. JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of Louisiana, because the property that is the subject of this action and where the damages were sustained occurred within the Eastern District of Louisiana.

## III. RELEVANT FACTS

5.

Complainant owns immovable property with improvements bearing municipal address 340 Walter Road, River Ridge, La, 70123 (the *"Property"*).

6.

At all pertinent times herein, Allstate issued a policy of homeowners insurance to Complainant for the Property covering the dwelling, other structures, and personal property and additional living expenses for Complainant caused by perils, including hurricanes, under Policy No. 000621180183 (the *"Policy"*).

7.

On or about August 29, 2021, Hurricane Ida made landfall in Southeast Louisiana causing extensive physical damage to the dwelling, other structures, and personal property on the Property as well as an increase in additional living expenses for Complainant.

8.

Complainant promptly reported the loss to Allstate who assigned claim number 0640673182 (the *"Claim"*).

9.

Complainant immediately took steps to mitigate her damages to best of her ability and eventually provided Defendant with itemized repair estimates for the Property and replacement of personal property damaged as a result of Hurricane Ida, as well as a list of additional living expenses incurred by Complainant.

10.

Beginning in September 2021, and continuing through September 2022, Allstate conducted four different field inspections of the Property (the *"Inspection"*).

11.

The Inspection constituted satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973.

12.

By filing the Claim and providing Allstate with damage information and access to the Property, Complainant provided satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973.

13.

On or about July 25, 2022, Complainant, sent Allstate an estimate for $46,900.00 from DiGiovanni Construction Co., LLC and made a settlement demand.

14.

By filing the Claim, allowing Allstate to inspect the Property, and sending the $46,900.00 estimate on July 25, 2022, Complainant has further submitted satisfactory proof of loss to Allstate as required per La. R.S. § 22:1892 and 1973.

15.

Due to Allstate's refusal to pay the amount owed to Complainant on the Claim, Complainant were forced to utilize funds from other sources to repair as much damage to the Property as feasible and expend an enormous amount of time, money and energy attempting to get Allstate to pay the full value of the Claim.

16.

To date, despite being provided with satisfactory proof of loss, Allstate has failed to tender adequate payment to Complainant on the Claim.

17.

The failure of Allstate to adequately pay the Claim despite satisfactory proof of loss and the time and manner which the Claim was processed was all arbitrary, capricious, and/or without probable cause, thereby rendering Allstate liable in bad faith in violation of Louisiana law as set forth below.

## IV.   CAUSES OF ACTION

### A.   Breach of Insurance Contract

18.

Complainant re-allege and incorporate the above paragraphs as if fully set forth herein.

19.

The Policy is a valid, binding legal insurance contract between Complainant and Allstate.

20.

The Policy provides coverage to Complainant for physical damage to the dwelling, other structures, personal property, and additional living expenses to Complainant as a result of Hurricane Ida.

21.

Allstate has breached the insurance contract in the following ways:

a) Failing to timely and adequately initiate Complainant's losses per the Claim;

b) Failing to timely and adequately calculate Complainant's losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the Property;

d) Failing to timely and adequately tender proceeds to cover damage sustained to Complainant's personal property;

e) Failing to timely tender adequate proceeds to cover Complainant's additional living expenses;

f) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

g) Failing to timely and adequately tender undisputed proceeds;

h) Failing to pay the Claim within the time constraints allowed under by law after receiving satisfactory proof of loss;

i) Purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy;

j) Failing to evaluate and process the Claim in good faith and fair dealing;

k) Refusing to timely and adequately communicate with Complainant during the

Claims process; and

1) Other ways which will be shown at trial.

22.

Allstate's breach of the insurance contract was in bad faith.

23.

Complainant has fully and satisfactorily performed all her obligations pursuant to the insurance contract, yet Allstate has failed to perform.

24.

As a result of Allstate's breach, Complainant has been damaged as set forth below and continues to incur damages daily.

**B.    Violation of La. R.S. § 22:1892**

25.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

26.

Pursuant to La. R.S. § 22:1892, Allstate was required to: (a) pay the Claim and make a written offer to settle the Claim within thirty (30) days after receipt of satisfactory proof of loss and (b) initiate loss adjustments within sixty (60) days after notification of loss by Complainant.

27.

The Inspection that occurred on or about November 2, 2021, constituted satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892 to pay the Claim and make a written offer to settle the Claim.

28.

In the alternative, at the latest, the date Complainant provided Allstate the demand letter and itemized repair estimate constituted satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892.

29.

To date, Allstate has failed to make a written offer to settle the Claim and initiate loss adjustments on the Property within in the statutory deadlines per La. R.S. § 22:1892.

30.

Allstate's violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

31.

For Allstate's violations of La. R.S. § 22:1892 as set forth above, Complainant is entitled to recover, in addition to the amount of the Claim, statutory penalties of fifty percent of the amount found to be due from Allstate to Complainant, or one thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

C.   **Violation of La. R.S. § 22:1973**

32.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

33.

Pursuant to La. R.S. § 22:1973, Allstate owed Complainant a duty of good faith and fair dealing and to adjust the Claim fairly and promptly.

34.

Allstate violated these duties as follows:

   a) Failing to timely and adequately initiate Complainant' losses per the Claim;

b) Failing to timely and adequately calculate Complainant's losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the Property;

d) Failing to timely and adequately tender proceeds to cover damage sustained to Complainant's personal property;

e) Failing to timely tender adequate proceeds to cover Complainant's additional living expenses;

f) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

g) Failing to timely and adequately tender undisputed proceeds;

h) Failing to pay the Claim within the time constraints allowed under by law after receiving satisfactory proof of loss;

i) Purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy;

j) Failing to evaluate and process the Claim in good faith and fair dealing;

k) Refusing to timely and adequately communicate with Complainant during the Claims process; and

l) Other ways which will be shown at trial.

35.

Allstate's violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

36.

For Allstate's violations of La. R.S. § 22:1973, as set forth above, Complainant is entitled to recover, in addition to the amount of the Claim, an amount equal to two times the damages

sustained by Complainant, as set forth below, or five thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

**D.    Violation of LUTPA**

37.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

38.

Allstate is bound by and has violated the Louisiana Unfair Trade Practices Act, La. R.S. § 51:1401, et seq. *("LUTPA"),* in the following ways:

a) Failing to timely and adequately initiate Complainant's losses per the Claim;

b) Failing to timely and adequately calculate Complainant's losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the Property;

d) Failing to timely and adequately tender proceeds to cover damage sustained to Complainant's personal property;

e) Failing to timely tender adequate proceeds to cover Complainant's additional living expenses;

f) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

g) Failing to timely and adequately tender undisputed proceeds;

h) Failing to pay the Claim within the time constraints allowed under by law after receiving satisfactory proof of loss;

i) Purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy;

j) Failing to evaluate and process the Claim in good faith and fair dealing;

k) Refusing to timely and adequately communicate with Complainant during the Claims process; and

l) Other ways which will be shown at trial.

39.

Allstate's conduct was deceptive, unethical, oppressive, unscrupulous, and substantially injurious to Complainant.

40.

All of the actions, inactions, and omissions spelled out herein constitute unfair and deceptive acts and practices in the conduct of trade or business by Allstate in violation of LUTPA.

41.

For Allstate's violations of LUTPA as set forth above, Complainant has suffered damages, as more fully described below, and is entitled to the relief sought from Allstate including, without limitation, penalties, costs, and attorney's fees as provided in La. R.S. § 51:1409.

**E.     Intentional and Negligent Infliction of Emotional Distress**

42.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

43.

For all of the above actions and inactions of Allstate as set forth above, Allstate is liable to Complainant under the legal theory of intentional and negligent infliction of emotional distress entitling Complainant to the damages set forth below.

F.   **Negligent Claims Adjusting**

44.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

45.

For all of the above actions and inactions of Allstate as set forth above, Allstate is liable to Complainant under the legal theory of negligent claims adjusting entitling Complainant to the damages set forth below.

V.   **DAMAGES**

46.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

47.

As a direct result of Allstate's actions, inactions, and omissions described above and which will be proven at trial, Complainant is entitled to recover the following from Allstate:

a) Diminution of the value of the Property;

b) Costs to adequately repair the Property;

c) Costs to adequately replace Complainant' Personal Property;

d) Additional living expenses;

e) Reimbursement for repairs Complainant made to the Property;

f) Costs for content manipulation to repair the Property;

g) Inconvenience;

h) Mental anguish;

i) Repair and remediation expenses;

j) Loss of use of enjoyment of the Property;

k) Loss of business opportunities;

11

l) Damage to the Property;

m) Loss of investment value of funds used to offset Allstate's failure to pay, including lost interest;

n) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1892;

o) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1973;

p) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 51:1409;

q) Pecuniary and non-pecuniary damages;

r) Penalties, damages, and attorneys' fees;

s) Other professional fees and costs of litigation;

t) Costs of these proceedings;

u) Costs of estimates, estimators, adjusters, professions, and/or experts; and

v) Other damages as will be shown at trial

(collectively, the *"Damages"*).

## VI. JURY DEMAND

48.

Complainant demand a trial by jury on all issues.

**WHEREFORE,** Complainant, **CHERIE GRAVOIS BERRIGAN** prays Defendant, **ALLSTATE INDEMNITY COMPANY,** be served with a copy of this Complaint and be duly cited to appear and answer the same and that after due proceedings are had there be judgment in favor Complainant and against Defendant, **ALLSTATE INDEMNITY**

**COMPANY,** in a principal sum to adequately compensate Complainant for the Damages set forth herein, with legal interest thereon from the date of judicial demand until paid in full, attorneys' fees, expenses, all costs of these proceedings, and for all other general and equitable relief this Honorable Court deems lawful, proper, and just.

Respectfully submitted,

_____
VANCE W. OTT (lsba # 24588)
2450 Severn Ave., Suite 200
Metairie, LA 70002
Ph. (504)454-1744
Fx. (504)454-1888
vance@fourpointstitle.com